UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CECILIA MINTAH, | X | Civil Action No.: |
| Plaintiff, | : | |
| V. | : | NOTICE OF REMOVAL |
| GREYHOUND LINES, INC., SALIMON SOUARE and/or ABC CO. and JOHN DOE, fictitious defendants, jointly, severally and/or in the alternatice, | : | |
| Defendants. | X | |

TO: Richard Gaeckle, Esq.
Petro Cohen Petro Matarazzo
A Professional Corporation
The Executive Plaza
2111 New Road, Suite 202
Northfield, NJ 08225

1. Defendant Greyhound Lines, Inc. ("Greyhound") and Salimon Souare ("Souare") (collectively "defendants"), by and through their attorneys, respectfully state:

2. Greyhound and Souare have been named as defendants in an action now pending in the Superior Court of New Jersey, Atlantic Vicinage, Docket No. ATL-L-1483-17, entitled Cecilia Mintah v. Greyhound Lines, Inc., et al.

3. On July 21, 2017, plaintiff filed a Complaint. On July 27, 2017, defendants received notice of this case through receipt of a Complaint. (See Complaint attached hereto as Exhibit A).

4. Pursuant to 28 U.S.C. § 1332(a), the United States District Court has jurisdiction where there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.

4813-9435-9884

5.      Plaintiff is a resident of New Jersey, residing at 117 Federal Court, Galloway, New Jersey. (See Exhibit A).

6.      Greyhound is incorporated in Delaware and its principal place of business is located in Dallas, Texas.

7.      Souare is a resident of New York.

8.      Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal to federal court.

9.      Plaintiff alleges that she sustained "diverse, painful and permanent, injuries, which injuries have incapacitated plaintiff from pursuing her usual employment and/or customary activities of daily living, caused plaintiff significant pain, suffering and mental anguish and which injuries shall, in the future, similarly incapacitate plaintiff, cause her pain, suffering and mental anguish and which injuries have resulted and in the future will continue to result in plaintiff sustaining ongoing economic and non-economic loss." (See Ex. A, ¶ 5).

10.     On August 23, 2017, Greyhound defendants filed a notice of removal to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. § 1441, relying upon diversity of citizenship and the allegations set forth in paragraph 9, *supra,* to establish federal subject matter jurisdiction.

11.     On August 24, 2017, the Honorable Judge Bumb, United States District Court for the District of New Jersey, remanded Greyhound defendants' notice of removal, finding there was not adequate proof that the case was worth more than $75,000.00 in damages. The decision specifically stated that "[T]he amount in controversy put forward by Defendant is speculative at best. Defendant merely recounts Plaintiff's generic and open-ended list of damages from the underlying complaint. As a result, the Court has no real understanding of the nature or severity of

Plaintiff's injuries from which it could determine, by a preponderance of the evidence, that an amount greater than $75,000 is in controversy." (See 8/24/17 Order, at p. 4 hereto as Exhibit B.)

12. The Court further noted that "Defendant has not served plaintiff with a request for a written statement of damages, pursuant to Rule 4:5-2, before removing . . .." (Id.).

13. On September 14, 2017, defendants filed their Answer to Plaintiff's Complaint in the Superior Court of New Jersey: Atlantic County, and served a demand for written statement of damages pursuant to R. 4:5-2. (See Answer, attached hereto as Exhibit C).

14. R. 4:5-2 states: "Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed."

15. On November 1, 2017, defendants filed a motion to compel statement of damages in the Superior Court of New Jersey, Atlantic Vicinage, Docket No. ATL-L-1483-17. (See 11/1/17 Certification of Counsel, attached hereto as Exhibit D).

16. The attorney certification in support of that motion summarized Greyhound defendant's numerous requests for a written statement of damages. (Id. ¶¶ 7, 10, 12).

17. On November 10, 2017, plaintiff filed opposition to defendants' motion to compel statement of damages. (See Plaintiff's Opposition attached hereto as Exhibit E).

18. Plaintiff's opposition states: "[W]e will concede that the amount in controversy for federal jurisdictional purposes exceeds $75,000.00." (See Ex. E, p. 3).

19. It additionally describes plaintiff's alleged injuries with specificity, lists $17,170 in alleged wage loss, and claims that plaintiff requires surgery to her left knee. (Id., p. 2).

4813-9435-9884

20. Based on this opposition, Greyhound defendants respectfully submit that they have carried their burden to show, by a preponderance of the evidence, that the alleged amount in controversy exceeds $75,000.00 for this action.

21. 28 U.S.C. § 1446(b)(3) states: "… if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

22. Plaintiff's opposition is "a copy of [a] … motion … or other paper," as defined by 28 U.S.C. § 1446(b)(3).

23. On November 10, 2017, defendants' received plaintiff's opposition conceding that the amount in controversy exceeds $75,000.00. (See Ex. E).

24. On November 14, 2017, defendants filed this notice of removal.

25. Therefore, defendants' notice of removal is timely.

26. Because the amount in controversy exceeds $75,000 and diversity of citizenship exists between the parties, the United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

27. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings received by defendants are attached hereto.

WHEREFORE, defendants respectfully request that the action described in Paragraph Two, now pending against it in the Superior Court of New Jersey, Atlantic Vicinage, be removed to this Court.

LANDMAN CORSI BALLAINE & FORD P.C.<br>
One Gateway Center, Fourth Floor<br>
Newark, New Jersey 07102-5388<br>
Attorneys for Defendants

4813-9435-9884

Greyhound Lines, Inc. and Salimon Souare

By: _____
Charles Mondora

Dated: November 14, 2017

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy in this action is not known to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

However, related cases filed by other plaintiffs are currently pending in the following courts under the following captions:

1. United States District Court of the District of New Jersey – Auerbach v. Ochoa, et al., Civil Action No. 2:17-cv-05240;

2. New Jersey Superior Court, Law Division, Hudson County – Arrindell v. Souare, et al., Docket No. HUD-L-2350-17;

3. New Jersey Superior Court, Law Division, Hudson County – Salas v. Souare, et al., Docket No. HUD-L-2902-17;

4. New Jersey Superior Court, Law Division, Essex – Bhatia v. Collins, et al., Docket No. ESX-L-5353-17;

5. Supreme Court of the State of New York, Bronx County – Bocchino v. Greyhound Lines, Inc., et al. and Moronta v. Greyhound Lines, Inc., consolidated under Index No. 305071/2015.

By: _____
Charles Mondora

Dated: November 14, 2017

4813-9435-9884